{¶ 36} I concur in this court's resolution of appellant's second assignment. I must respectfully dissent from the court's resolution of appellant's first assignment. The facts in this case are essentially not in dispute and I believe the trial court erred in finding that the state had proved by a preponderance of the evidence that appellant's statement was freely and voluntarily given under the "totality of circumstances" present herein. See, State v. Loza, at the syllabus.
 {¶ 37} In this case, two police officers in tandem questioned a sixteen-year-old boy for four hours with the objective of obtaining his confession. Appellant had no prior experience with the criminal justice system. For four hours, appellant protested his innocence despite alternate threats of increased punishment for non-cooperation and promises of leniency if appellant cooperated by admitting guilt. Appellant was told that if he was charged as an adult he'd probably get the maximum sentence and if he cooperated he'd probably be treated as a juvenile with a far more lenient sentence. When appellant refused to cooperate, the police enlisted the aid of the boy's mother. They informed her that they had already spoken to the prosecutor and enlisted his assistance in getting "special consideration" that appellant not be charged as an adult. (Tr. 26). They informed her that if her boy were charged as an adult he'd get eight years maximum and another ten years on top of that. (Tr. 27). They warned her that if her son were charged as an adult, "his life's over." (Tr. 29). They reminded her again that if he doesn't cooperate "he's charged as an adult." (Tr. 30 and 31).
 {¶ 38} Appellant's mother then took the message to appellant. She told him "you work with him, he'll work with the prosecutor. And they keep this in juvenile. Your record is sealed." Shortly thereafter, appellant gave a full confession to the police.
 {¶ 39} As indicated in the majority opinion, appellant was in fact ineligible for treatment as a juvenile and thus the representations made by the police to induce the confession were not accurate. In State v.Pettijean (2000), 140 Ohio App.3d 517, the Miami County Court of Appeals reversed an aggravated murder conviction when police officers' assurance of leniency, telling the defendant that he would probably get two years of probation if he gave them a statement was a misstatement of the law that so undermined defendant's calculus that it critically affected the defendant's capacity for self-determination and rational calculation. I would reverse appellant's conviction and remand this matter for a trial without the benefit of appellant's statement to his mother. I agree with appellant that the mother was an agent of the police under these circumstances.
 {¶ 40} Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV
of the Ohio Constitution.